**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Stacy Clemons, | ) | CASE NO. 1:06 CV 2057 |
| | ) | |
| Petitioner, | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| vs. | ) | |
| | ) | |
| United States of America, | ) | **Memorandum of Opinion and Order** |
| | ) | |
| Respondent. | ) | |

### Introduction

This matter is before the Court upon petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (Doc. 1). For the following reasons, the motion is DENIED.

### Facts

Petitioner, Stacy Clemons, entered a plea of guilty on July 22, 2005 to Count One (possession with the intent to distribute cocaine base) and Count Two (possession with the intent to distribute cocaine) of the Indictment. On October 18, 2005, petitioner was sentenced to 120 months incarceration, followed by a term of four years of supervised release. A fine was not

1

imposed.

This matter is now before the Court upon petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255.

**Standard of Review**

A federal prisoner may challenge a sentence if it "was imposed in violation of the Constitution or laws of the United States ... or ... the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack...." 28 U.S.C. § 2255. "In order to prevail upon a § 2255 motion, the movant must allege as a basis for relief: (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir.2003).

**Discussion**

Petitioner asserts two grounds for relief. Ground One alleges that petitioner's guilty plea is invalid due to ineffective assistance of counsel. Ground Two alleges that petitioner's guilty plea "was involuntary and induced by the Judge and Prosecutor."

In Ground One, petitioner asserts that his attorney failed to explain the sentencing exposure in the event petitioner accepted the plea agreement. Petitioner asserts that his attorney did not explain that signing the plea agreement would moot any *pro se* pending motions. Petitioner asserts that his attorney came to see him in prison on July 21, 2005 with the plea agreement and did not inform him that the judge had moved his July 25 plea hearing to July 22.

To succeed on his ineffective assistance of counsel claims, petitioner must show that counsel's representation fell below an objective standard of reasonableness, *McFarland v.*

*Yukins*, 356 F.3d 688 (6th Cir.2004) (quoting *Strickland v. Washington*, 466 U.S. 668, 688 (1984)), and that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

The record, however, shows that petitioner was fully informed at the July 22, 2005 hearing of the consequences of pleading guilty. Thus, even if his counsel's performance in this regard was deficient, petitioner cannot demonstrate that he would not have pleaded guilty.

At the onset of the hearing, petitioner stated to the Court, "Well, upon this plea agreement, there are a lot of things that I wasn't completely aware of... There are a lot of things I didn't understand, have a clear understanding of..." Petitioner indicated that he was confused as to a potential sentence, and that he was unaware that he would be appearing in court that day. (Doc. 56 at 2) This Court explained to petitioner that he was brought to court on the Friday before his scheduled trial to avoid assessment of the jurors' costs against him, inasmuch as counsel indicated that petitioner wished to plead guilty. The Court explained to petitioner that he could still plead guilty on the following Monday. This Court then proceeded to ensure that the consequences of his guilty plea were fully explained to petitioner. In particular, the Assistant United States Attorney explained the statutory penalties and the implications of not filing a notice for sentencing enhancement. (*Id.* 3-12) This Court then asked petitioner whether he had "any questions regarding what the government is offering by way of a plea bargain." Petitioner answered, "At this time I don't." The Court further queried, "Have your questions been answered?" Petitioner answered, "Yes, ma'am." (*Id.* 13)

Subsequently, the Court provided an opportunity for petitioner and his counsel to discuss

the plea in private, and petitioner then stated to the Court that he wished to plead guilty that day. During the standard colloquy engaged in by this Court prior to acceptance of the plea, petitioner was asked whether he was satisfied with the representation of his attorney. He responded, "Yes." (*Id.* 14-15)

Based on the foregoing, petitioner is unable to show that but for counsel's ineffectiveness, petitioner would not have entered a guilty plea.

In Ground Two, petitioner asserts that, although he was never informed by his attorney, this Court moved up his plea hearing date from July 25 to July 22 as a result of petitioner's filing several *pro se* motions. He further asserts that on July 22, the prosecutor attempted to get petitioner to sign the plea agreement. After refusing four times, the prosecutor threatened to increase his sentencing level from 34 to 37 if he did not sign the agreement. After he again refused, petitioner was taken to the courtroom where he asked to address the Court. The Court permitted an off the record discussion. When petitioner notified the Court that he had no notice of the hearing and that the prosecutor had threatened him, the Court stated that she had brought him there and that if he did not sign the plea agreement on that day, she would proceed to trial on Monday, July 25. At that point, petitioner felt threatened, forced and coerced to sign the plea agreement.

Again, the transcript of the July 22, 2005 plea hearing undermines petitioner's assertions. This Court explained to petitioner that his case was set for trial the following Monday and that if he was not ready to plead, he could wait until Monday to plead or go to trial. Petitioner stated that he understood. After the discussion on the record concerning the consequences of his plea, petitioner stated that he wished to plead guilty and did not feel pressure to do it on that day. (*Id.*

4

13-14) Petitioner also stated that no one threatened him to convince him to plead, but that he did so voluntarily.  (*Id.*  21) Thus, petitioner's claims are refuted by the record.

For these reasons, there is no basis to grant petitioner's motion under § 2255. Furthermore, as discussed below, the Court declines to issue a certificate of appealability.

28 U.S.C. § 2253(c) provides:

(c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from--

(A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or

*(B) the final order in a proceeding under section 2255.*

(2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

(3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

(emphasis added).

In *Slack v. McDaniel*, 529 U.S. 473 (2000), the Supreme Court determined that

[t]o obtain a COA under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that, under *Barefoot*, includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'

*Id.* at 483-4 (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)).

For the reasons stated herein, petitioner's claims that his guilty plea was invalid due to ineffective assistance of counsel and involuntary due to coercion have no merit.  As such, petitioner has not made a substantial showing of the denial of a constitutional right. Accordingly, the Court declines to issue a certificate of appealability.

5

**Conclusion**

For the foregoing reasons, petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 is denied.

IT IS SO ORDERED.

        /s/ Patricia A. Gaughan
        PATRICIA A. GAUGHAN
        United States District Judge

Dated: 11/2/06